1 | ANTHONY J. ONCIDI (State Bar No. 118135)
    aoncidi@proskauer.com
2 | PHILIPPE A. LEBEL (State Bar No. 274032)
    plebel@proskauer.com
3 | PROSKAUER ROSE LLP
    2029 Century Park East, Suite 2400
4 | Los Angeles, CA 90067-3010
    Telephone:  (310) 284-5690
5 | Facsimile:   (310) 557-2193

6 | JONATHAN R. DONNELLAN (*pro hac vice* forthcoming)
    jdonnellan@hearst.com
7 | RAVI V. SITWALA (*pro hac vice* forthcoming)
    rsitwala@hearst.com
8 | NATHANIEL S. BOYER (*pro hac vice* forthcoming)
    nathaniel.boyer@hearst.com
9 | **THE HEARST CORPORATION**
    300 West 57th Street
10 | New York, New York 10019-3792
     Telephone: (212) 841-7000
11 | Facsimile:  (212) 554-7000

12 | Attorneys for Defendant
     HEARST COMMUNICATIONS, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL MARTEL, an individual, | Case No. _____ |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a), 1446** |
| HEARST COMMUNICATIONS, INC., a Delaware corporation, and Does 1 through 50, inclusive, | |
| Defendants. | **(DIVERSITY JURISDICTION)** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND COUNSEL FOR PLAINTIFF PAUL MARTEL:

PLEASE TAKE NOTICE that Defendant Hearst Communications, Inc. ("Defendant"), by and through its undersigned counsel, hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1332(a), 1441(a), and 1446 and removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Alameda.

## BACKGROUND

1.  On April 17, 2019, plaintiff Paul Martel ("Plaintiff" or "Martel") filed a summons and civil complaint ("Complaint") against Defendant and "Does 1 through 50" in Alameda County Superior Court, entitled *Paul Martel v. Hearst Communications, Inc.*, Case No. HG19015428 (the "Action"). On April 19, 2019, Plaintiff, through his counsel, caused a copy of the Complaint and summons to be served on Defendant through its agent for service of process in California. *See* Declaration of Nathaniel Boyer ("Boyer Decl.") ¶ 3. A true and correct copy of the summons, civil case cover sheet, and Complaint that were served on Defendant are attached as **Exhibit A** to the Declaration of Nathaniel Boyer. Defendant has not answered the Complaint or otherwise joined issue in the Action.

2.  Attached as **Exhibit B** to the Declaration of Nathaniel Boyer is a true and correct copy of all other process and pleadings filed to date in the Action, which includes (i) a Notice of Assignment of Judge for All Purposes; (ii) the Notice of Case Management Conference and Order; (iii) a notice of returned mail that the Court had attempted to send to Plaintiff's counsel; and (iv) Proof of Service of Summons (which, consistent with Defendant's records, states that Defendant was served with the summons and Complaint on April 19, 2019).

3.  In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that Defendant shall promptly serve Plaintiff with a copy of this Notice of Removal and all

2

NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO. _____

supporting papers and file the same with the Clerk of the Alameda County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

### TIMELINESS OF REMOVAL

4.  Defendant filed this Notice within 30 days of the April 19, 2019 service of the Complaint and summons. Boyer Decl. ¶ 3. This Notice is accordingly timely under 28 U.S.C. § 1446(b).

### PRELIMINARY STATEMENT OF JURISDICTION, VENUE, AND DIVISION

5.  Federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States[.]" 28 U.S.C. § 1332(a), (a)(l). This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because, as discussed in more detail below, the matter in controversy in this case exceeds $75,000.00 and this case is between citizens of different states.

6.  Any "civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As discussed above, Plaintiff filed the Complaint in Alameda County Superior Court. The United States District Court for the Northern District of California is the proper venue for this removal as this district "embrac[es] the place where" the action is pending. 28 U.S.C. § 1441(a).

7.  All "civil actions which arise in the count[y] of . . . Alamaeda . . . shall be assigned to the San Francisco Division or the Oakland Division" of the United States District Court for the Northern District of California. N.D. Cal. Civ. Local Rule 3-2(d). Removal of this action to this Division is proper as this matter arose in the county of Alameda.

### DIVERSITY JURISDICTION

8.  Diversity of citizenship jurisdiction exists when there is diversity of citizenship between every plaintiff and every defendant at the time the plaintiff files a lawsuit. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005); *Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004). A natural person is a citizen of a California "for diversity

purposes" if she is "a citizen of the United States and . . . domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(l).  "A corporation's principal place of business is where a corporation's 'high level officers direct, control, and coordinate the corporation's activities.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

9. Here, Defendant is informed and believes that Plaintiff is a citizen of the United States and domiciled in California.  Plaintiff alleges that he is a resident of the State of California. *See* Compl. ¶ 5.  He is therefore a citizen of California for diversity purposes.

10. Plaintiff named Hearst Communications, Inc. as a defendant in this case.  Hearst Communications, Inc. is incorporated under the law of the State of Delaware.  Its principal place of business is 300 West 57th Street, New York, New York 10019. Boyer Decl. ¶ 2.  This is Defendant's headquarters, and Defendant's high-level officers direct, control, and coordinate its activities in New York. Boyer Decl. ¶ 2.  Accordingly, Defendant is a citizen of Delaware and New York.

11. The presence of Doe defendants has no bearing on diversity with respect to removal.  28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded").

12. Accordingly, because Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship.

**AMOUNT IN CONTROVERSY**

13. Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

14. The amount in controversy "burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." *Gaus v. Miles, Inc.*, 980 F.2d 564,566 (9th Cir. 1992).  Where, as here, a plaintiff's complaint does not specify the amount that is demanded, the

removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy requirement is satisfied. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). In assessing whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability")).

15. Here, based on the nature of Plaintiff's allegations, Plaintiff has placed in controversy an amount significantly exceeding the $75,000 threshold.

16. On its own, Plaintiff's claim for unpaid overtime alone places more than $75,000 in controversy:

   a.  Plaintiff has provided services to Defendant for more than four years.

   b.  Pursuant to his Fourth Cause of Action, Martel seeks allegedly unpaid wages pursuant to California Labor Code §§ 510, 1194, and 1194.2. *See* Compl. ¶ 49, 52.[1]

   c.  Martel alleges he was not paid for "**four hours of overtime each day, seven days a week, fifty-two weeks a year**." Compl. ¶ 21 (emphasis added). Accordingly, Martel is alleging that he was not paid 28 hours of overtime per week.

   d.  Even using California's 2015 minimum wage rate of $9 per hour, Martel's unpaid overtime allegations place **$78,624** in controversy, as follows: $13.50/hour (1.5 times a minimum wage of $9.00) x 28 hours/week x 52 weeks/year x four years = $78,624. Boyer Decl. ¶ 7.

17. Similarly, Plaintiff's Seventh Cause of Action for unpaid business expenses independently places more than $79,000 at-issue: Specifically, Plaintiff seeks to recover "(i) the cost of purchasing equipment for use by Defendant's clients; (ii) the cost of using his personal computer and cell phone Defendant required Plaintiff to use for his work; (iii) the cost of cellular and internet service; (iv) the costs of cloud computing services; (iv) the cost of parking when

---

[1] These alleged violations are subject to a four year statute of limitations pursuant to Martel's claim pursuant to California Business and Professions Code section 17200 *et seq.*

conducting site visits for Defendant's customers; (v) mileage and vehicle maintenance expenses; (vi) and liability insurance." Compl. ¶ 64. As to mileage, in particular, Plaintiff alleges that he was required to drive on average between 100-105 miles per day. *See* Compl. ¶ 22. Using the applicable I.R.S. mileage reimbursement rate, Plaintiff's allegation that he drove 100 miles every day, over four years of working, places $79,898 in controversy—to say nothing of Plaintiff's demand for reimbursement for other vehicle expenses, parking, liability insurance, and technology and computer services. Boyer Decl. ¶ 9(a).

18. Accordingly, Plaintiff's Fourth and Seventh Causes of Action place at least **$158,522** in controversy.

19. Plaintiff is also demanding tens of thousands of dollars in additional damages for unpaid rest and meal periods (First, Second, and Third Causes of Action), Boyer Decl. ¶¶ 9(b), 9(c), 9(d); he is demanding up to $4,500 in civil penalties for Defendant's alleged failure to maintain accurate and complete employment records and alleged failure to provide accurate itemized wage statements (Fifth and Sixth Causes of Action), Boyer Decl. ¶¶ 9(e), 9(f); and he is seeking to recover his attorneys' fees and punitive damages, Compl. at 18, both of which could be substantial, and which may be considered in determining the amount in controversy. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6, 88 L. Ed. 15 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"); *Guglielmino*, 506 F.3d at 700 (Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees).

20. Thus, based on Plaintiff's allegations, Defendant's potential liability far exceeds the $75,000.00 threshold for diversity jurisdiction.

NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO. _____

## **CONCLUSION**

21. WHEREFORE, Defendants accordingly remove the Action, now pending in the Superior Court for the State of California for the County of Alameda, to this Court.

DATED: May 17, 2019

PROSKAUER ROSE LLP
ANTHONY J. ONCIDI
PHILIPPE A. LEBEL

THE HEARST CORPORATION
JONATHAN R. DONNELLAN
RAVI V. SITWALA
NATHANIEL S. BOYER

By:   /s/ Anthony J. Oncidi
Attorneys for Defendant
HEARST COMMUNICATIONS, INC.

*BY EMAIL AND FIRST-CLASS MAIL:*

BENJAMIN D. WEISENBERG
Weisenberg Firm, PLLC
535 Mission Street
San Francisco, CA 94105
ben@weisenbergfirm.com
Tel: (917) 747-5303

*Counsel for Plaintiff Paul Martel*

NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO. _____